UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PIERRE Q. PULLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:24-cv-02217-JPH-KMB |
| UNITED PARCEL SERVICE INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER

### I.
### Granting *in forma pauperis* status

Mr. Pullins's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Pullins to proceed without prepaying the filing fee, he remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

### II.
### Order to show cause

Mr. Pullins's complaint alleges that a vehicle operated by Defendant United Parcel Service, Inc. ("UPS") crashed into his car, totaling it. Dkt. 1 at 5. He alleges that "the UPS driver was dishonest about the accident," that UPS "was reckless and careless," and that UPS possesses "video and accident data" showing that its driver was at fault. *Id.* Because it does not appear that the

1

Court has subject-matter jurisdiction over this suit, Mr. Pullins shall have until **January 31, 2025** to **show cause** why the case should not be dismissed for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Mr. Pullins's complaint alleges diversity jurisdiction. He adequately pled that the parties are diverse, alleging that he is a citizen of Indiana while UPS is incorporated in Delaware and maintains its principal place of business in

Georgia. Dkt. 1 at 3. However, he has not adequately pled that the amount in controversy exceeds $75,000, exclusive of interest and costs.

He alleges that the damages owed to him include "$15,000.00 for a used car loan" to replace his car and "at least $100,000.00 in punitive damages because the Defendant is in possession of evidence that clearly shows their driver was at fault." *Id.* at 5. His allegation of $15,000 in compensatory damages to replace his car is less than $75,000. So, to meet the amount-in-controversy requirement, Mr. Pullins's punitive damages allegations must make up the difference.

"[W]here punitive damages are relied upon to satisfy the amount in controversy requirement, the court must first determine whether punitive damages are recoverable under state law." *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008). "If punitive damages are available, subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." *Id.* (quoting *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000)). Punitive damages are available under Indiana tort law when "the defendant acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error of judgment, overzealousness, mere negligence, or other human failing." *See, e.g., INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566, 582 (Ind. Ct. App. 2003) (collecting cases). However, punitive damages are capped at the greater of "(1) three (3) times the amount of

compensatory damages awarded in the action; or (2) fifty thousand dollars ($50,000)." Ind. Code § 34-51-3-4.

Here, because of Indiana's punitive damages cap, it is legally certain that Mr. Pullins cannot meet the requisite jurisdictional amount of $75,000. Three times his compensatory damages allegation would be $45,000, so $50,000 would be the greater of the two and would be the applicable capped punitive damages amount under Indiana law. *See id.* So, Mr. Pullins alleges $15,000 in compensatory damages, and given that allegation, his punitive damages would be capped at $50,000. Summed together, his total amount-in-controversy allegation is $65,000. Because that allegation is below the jurisdictionally required $75,000, Mr. Pullins has not adequately pled diversity jurisdiction.

Nor does the Court appear to have federal-question jurisdiction over Mr. Pullins's claim. His complaint does not allege federal-question jurisdiction as a basis for jurisdiction and does not provide any federal law under which his claim may arise. Dkt. 1 at 2.

Mr. Pullins shall have through **January 31, 2025** to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. In doing so, he must clearly show (1) that the parties are of diverse citizenship and the amount in controversy requirement is satisfied, (2) that a federal law gives rise to his claims, or (3) that another basis confers jurisdiction in this Court. If Mr. Pullins does not

respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date: 12/19/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PIERRE Q. PULLINS
6120 Westlake Dr. N.
Apt. B
Indianapolis, IN 46224

5